

## UNITED STATES DISTRICT COURT

RECEIVED MAR - 1 2006

### NORTHERN DISTRICT OF CALIFORNIA
### PROBATION OFFICE

**DEBRA K. AASMUNDSTAD**
*CHIEF U.S. PROBATION OFFICER*

Please reply to:
450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

450 Golden Gate Avenue
Suite 17-6884; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

February 27, 2006

**FILED**

MAR - 8 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**THE HONORABLE CHARLES R. BREYER**
**UNITED STATES DISTRICT JUDGE**

### MEMORANDUM

Re: McCarthy, Robert
Docket No. CR 05-0410-01 CRB

Your Honor:

On March 23, 2005, Mr. McCarthy was convicted of four counts of Mail Fraud in the Eastern District of California, and sentenced by the Honorable William B. Shubb to four years probation on each count, to run concurrent.

On May 4, 2005, the offender's conditions were modified to include the condition that he reside in a Community Corrections Center for a period of up to 120 days. The U.S. Probation Office sought this modification as the offender was homeless.

On June 2, 2005, the U.S. Probation Office in the Eastern District of California requested that a warrant be issued for the offender's arrest, based on the fact that he had tested positive for marijuana on May 27, 2005. As a result of the positive test, the offender was discharged from the Community Corrections Center. A warrant was issued for his arrest on June 3, 2005.

On June 17, 2005, jurisdiction was transferred from the Eastern District of California to the Northern District of California.

On August 31, 2005, Your Honor allowed the undersigned to withdraw the previously alleged charge, in light of the fact the offender had been residing in residential substance abuse treatment for the past two and one half months.

At the time of sentencing, one of the special conditions imposed was that the offender participate in a program of drug testing. It is noted that this condition is separate from the condition that he participate in drug/alcohol treatment. At present, the undersigned officer has temporarily suspended

**MEMORANDUM (Page 2)**

**Re: McCarthy, Robert
Docket No. CR 05-0410-01 CRB**

enforcement of this condition, based on the offender's admitted continued use of medicinal marijuana for a degenerative spine disorder. It is noted that there was mention of this disorder in the presentence report, as well as mention of the medications he uses to alleviate the pain he experiences as a result of the condition. Mr. McCarthy is currently prescribed Morphine Sulfate, 60 milligrams per tablet, and has been instructed by Dr. Peter Berman of South of Market Health Clinic to take two tablets every twelve hours for pain associated with the aforementioned condition. Mr. McCarthy reports that the Morphine Sulfate helps to alleviate his pain, but interferes with his appetite, which then causes him rapid weight loss.

The undersigned, realizing that the offender's use of medicinal marijuana was problematic in that it constitutes a violation of Federal law, previously suggested that the offender get a prescription for Marinol, a pharmacological cannabinoid, although it is noted that our contracted urinalysis testing site cannot differentiate between positive test results for marijuana that is smoked, otherwise ingested, or for Marinol. Mr. McCarthy reported that he obtained said prescription from Dr. Berman, but that the cost is $9.00 per pill, of which he would be prescribed three pills a day, for a total cost of $27.00 a day. Based on Mr. McCarthy's monthly income of $812.00 in Supplemental Security Income (SSI), he reports that it is not feasible for him to use Marinol, as he simply cannot afford it.

Our office has consulted with Joe Gergits, Assistant General Counsel for the Administrative Office of the United States Courts, who referred us to 18 U.S.C. § 3563(a)(5), which states, "The Court may suspend the (testing) condition if reliable sentencing information indicates a low risk of substance abuse by the defendant." Therefore, he indicated it would remain up to the Court's discretion as to whether or not medicinal use of marijuana constitutes "substance abuse."

As for compliance in other areas of supervision, Mr. McCarthy previously completed five months of residential drug treatment at Golden Gate for Seniors, and is in full compliance with the other terms and conditions of his probation. He is also attempting to make monthly payments of $10.00 toward his restitution balance, despite a fixed and limited income.

Based on the above, the undersigned is left in a quandary as to what to do about his drug testing requirement, as any tests taken are certain to return positive for marijuana use, which ultimately causes our office to expend unnecessary resources (as we already know the results) and could result in Mr. McCarthy's eventual return to prison for self-medication of a physical ailment from which he suffers daily.

The undersigned has consulted with Assistant U.S. Attorney Robert Rees in this matter, and he recommends that the drug testing condition not be suspended, but recognizes that pursuant to *United States v. Stephens*, 424 F.3d 876, 883 (9th Cir. 2005), the Court may need to "state the maximum number of non-treatment drug tests the probation officer may impose," in order to continue enforcement of this condition. It is noted that the probation office's interpretation of the Stephens case is that it pertains to mandatory testing under 18 U.S.C. § 3583(d), and not to drug testing ordered in conjunction with drug treatment.

**MEMORANDUM (Page 3)**

Re: **McCarthy, Robert**
Docket No. **CR 05-0410-01 CRB**

In light of the above, the undersigned seeks guidance on how Your Honor would like the undersigned to proceed.

Respectfully Submitted,

*[signature]*

Jennifer J. James
U.S. Probation Officer Specialist

Reviewed by:

*[signature]*

Shella John
Supervisory U.S. Probation Officer

---

THE COURT ORDERS:
☒ The Court agrees to allow the U.S. Probation Officer to suspend the drug testing condition
☐ The Court orders the U.S. Probation Officer to enforce the drug testing condition
☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

_March 08, 2006_
Date

*[signature]*
Charles R. Breyer
United States District Judge

cc:  Ron Tyler, Assistant Federal Public Defender
     Robert Rees, Assistant United States Attorney